# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STUART TWITCHELL,

    Plaintiff,

v.

WENDY PARIS, et al.,

    Defendants.

Case No. 2:06-CV-0283-KJD-GWF

**ORDER**

    Currently before the Court is Defendants' Motion for District Judge to Reconsider (#112). Plaintiff filed a Response in Opposition (#113), to which Defendants filed a Reply (#114). Defendants seek that the Court Reconsider its Order (#110) of January 28, 2010, in which it denied Defendants' Motion for Attorney Fees (#84).

**I. Background**

    On February 25 and 26, 2008, this action was tried before the Court. Following trial, the Court issued its Findings of Fact and Conclusions of Law (#81) and entered judgment in favor of Defendants on Twitchell's claims to recover a real estate commission under breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment theories, and on Defendants' counterclaims for a declaration that two clauses of the real estate contract were unconscionable and for breach of contract, breach of the covenant of good faith and fair dealing,

breach of fiduciary duty, constructive fraud, and negligence per se/violation of statutes and administrative regulations. Plaintiff appealed the judgment to the Ninth Circuit Court of Appeals.

On appeal, the Ninth Circuit upheld the Court's judgment on Twitchell's claims but reversed the Court's judgment on Defendants' Counterclaims. Specifically, the Ninth Circuit reversed the District Court's declaratory judgment ruling under N.R.S. § 30.040. In finding the clauses of the real estate contract enforceable, the Appeals Court held that "there is no longer a basis for the fee award" granted Plaintiff under the Court's declaratory Judgment finding. (#106 p. 1–2.) Additionally, the Appeals Court found that "because Defendants obtained complete relief by defeating Twitchell's claims, their counterclaims seeking rescission of the contract were moot," and reversed the District Court's judgment in favor of Defendants on those counterclaims as well. (Id.)

Subsequent to the Ninth Circuit's decision on appeal, the Court, per its Order of January 28, 2010, denied Defendants' Motion for Attorney Fees in the amount of $187,614.50, based in part upon the appeals Court's ruling that there was no longer a basis for a fee award. The Court also found that because Defendants did not receive a money judgment, attorney fees could not be awarded pursuant to N.R.S. § 18.010(2)(a). (See #110 at 2)(citing Smith v. Crown Financial Services of America, 111 Nev. 277, 280 (Nev. 1995)). The Court additionally denied an award of attorney fees under Section 18.010(2)(c) because "Plaintiff's case was neither groundless nor brought for the purpose of harassment". (Id.)

Defendants' current Motion avers that the Motion for Attorney Fees "did not rely on N.R.S. § 30.120 as a basis to recover fees, even though language in this Court's [Findings of Fact and Conclusions of Law] hinted that this might be a possibility, or at least the Ninth Circuit appears to have interpreted the language that way." (#112 at 3.) Moreover, Defendants aver that the Court "overlooked" Paris' right to fees, costs, and interest pursuant to the Offer of Judgment under NRCP 68 and N.R.S. § 17.115 because it failed to create an adequate record regarding the factors identified by the Nevada Supreme Court in Beattie v. Thomas, 668 P.2d 268 (Nev. 1983), and Brunzell v. Golden Gate Nat'l Bank, 455 P.2d 31 (Nev. 1969). Defendants additionally aver that the Ninth

1 Circuit's decision did not alter Paris's entitlement to attorney's fees, costs, and interest based on her
2 offer of judgment.  (#112 at 6.)
3 **II. Analysis**
4       Nevada Rule of Civil Procedure 68 and N.R.S. § 17.115 allow an award of attorney fees and
5 costs when a party fails to recover more than a tendered offer of judgment.  NRCP 68 provides, in
6 pertinent part: "If the offeree rejects an offer and fails to obtain a more favorable judgment, . . . the
7 offeree shall pay the offerror's post-offer costs, . . . and reasonable attorney's fees, if any be
8 allowed."   In Beattie, the Nevada Supreme Court found that in exercising its discretion under NRCP
9 68, the district court must evaluate: (1) whether the plaintiff's claim was brought in good faith; (2)
10 whether the defendant's offer of judgment was reasonable and in good faith in both its timing and
11 amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly
12 unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and
13 justified in amount.  Beattie v. Thomas, 668 P.2d at 275.  Since Beattie, the Nevada Supreme Court
14 has stated that "although explicit findings with respect to [the Beattie] factors are preferred, [a]
15 district court's failure to make explicit findings is not a per se abuse of discretion." Wynn v. Smith,
16 16 P.3d 424 (Nev. 2001).
17       This Court's Order of January 28, 2010, did not set forth an explicit record regarding all
18 Beattie factors, yet as stated above, found that Defendants were not entitled to relief pursuant to
19 N.R.S. § 18.010 because Plaintiff's case was "neither groundless nor brought for the purpose of
20 harassment".  (#110)  Accordingly, though not required under the language set forth in Wynn, the
21 Court will provide in greater detail, its reasons for denying Defendants' Motion for Attorney Fees
22 (#84).
23       Although the proposed Findings of Fact and Conclusions of Law prepared and proposed by
24 Defendants only cited N.R.S. § 30.010 as a justification for attorney fees, (see #79) the Defendants'
25
26

1  Motion for Attorney Fees (#84) was premised substantially upon NRCP 68 and NRS § 17.115.[1]  The
2  Court did not grant attorney fees under Rule 68 however, because it found that Plaintiff's claim was
3  made in good faith.  Additionally, Plaintiff argued that the offer of judgment was "made while
4  Plaintiff was seeking document discovery from Defendants and Defendants were refusing to produce
5  those documents." (#93 at 2.)  Moreover, Plaintiff averred that the discovery documents being
6  sought at that time had a bearing upon Plaintiff's ability to analyze said offer.  While Defendant
7  disputes that averment, according to Plaintiff, the discovery sought was only obtained after Plaintiff
8  filed a Motion to Compel Discovery, which was granted by the Court.  (Id.)  The Court cannot find
9  under such circumstances that the offer was reasonable and in good faith in time and amount.
10 Moreover, Plaintiff argued that the offer of judgment was denied because Defendants' assessment of
11 attorney fees was "grossly excessive." (Id. at 3.)

12       The record in this action does not reflect that Plaintiff's claim was made in bad faith, or that
13 Plaintiff's decision to reject the offer of judgment and proceed to trial was either grossly
14 unreasonable or made in bad faith.  The Court finds that Plaintiff's claims were neither brought in
15 bad faith, nor were groundless, as Defendants suggest.  Because the Motion is denied, the Court need
16 not reach the issue of whether Defendants' attorney fees are reasonable or justified in amount.

17       Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for District Judge to
18 Reconsider (#112), is **DENIED**.

19       DATED this 20th day of September 2010

_____
Kent J. Dawson
United States District Judge

---

[1] Defendants' Proposed Findings of Fact and Conclusions of Law (#79) cited N.R.S. §§ 30.120, 30.010, and 30.160 and "any other applicable agreement, statute, and/or rule to award [Defendants] the attorney's fees and costs that it incurs (sic) in the defense and prosecution of this litigation. . ." (#79 at 36–37.)

4